NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7167

BILLY R. KIDWELL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: January 10, 2006

_____

Before RADER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Billy R. Kidwell appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court") denying his petition for a writ of mandamus. Kidwell v. Nicholson, No. 04-2447 (Vet. App. Apr. 7, 2005). We affirm.

## BACKGROUND

Mr. Kidwell, a veteran of the United States Army, was previously awarded service connection for post-traumatic stress disorder, with an effective date of October 1, 1984. In September 2003 Mr. Kidwell claimed clear and unmistakable error in the assignment

of that effective date, but a regional office of the Department of Veterans Affairs ("DVA") denied that claim. In January 2004 Mr. Kidwell submitted a statement in which he argued that the effective date for the award should be October 8, 1970. The regional office, however, denied that claim as well. In June 2004 the DVA received two statements from Mr. Kidwell that the DVA accepted as Notices of Disagreement challenging the two regional office decisions. However, in addition to commencing an appeal of those decisions to the Board of Veterans' Appeals by filing his Notices of Disagreement, Mr. Kidwell filed a petition for a writ of mandamus with the Veterans Court seeking an order granting him an earlier effective date for his award. The Veterans Court denied the petition, and Mr. Kidwell appeals.

DISCUSSION

In support of his claims, Mr. Kidwell argues that various DVA officials have illegally conspired to deny him the benefits to which he has been entitled since the early 1970s. Those allegations stem, in large part, from an application for compensation or pension that Mr. Kidwell filed with the Veterans Administration in 1972. Mr. Kidwell submitted to the Veterans Court a copy of that application with the words "Destroy This" handwritten on the face of the document. He asserts that someone at the Veterans Administration wrote that note on the document as part of the alleged conspiracy. That act, according to Mr. Kidwell, was the first in a series of what he refers to as criminal acts by the Veterans Administration that he alleges had the effect of preventing him from obtaining service connection for his disorder until the mid-1980s.

In response to that allegation, the DVA produced from its files a copy of the original application, which did not contain the handwritten note. The DVA also

submitted a sworn affidavit by the manager of the regional office in St. Petersburg, Florida, representing that the original document in the DVA's claims file bears no such handwritten notation.

Although this court has jurisdiction to review a denial of a petition for a writ of mandamus by the Veterans Court, the issuance of such a writ is a matter within the discretion of the Veterans Court. Lamb v. Principi, 284 F.3d 1378, 1381, 1384 (Fed. Cir. 2002). In this case, the Veterans Court explained that Mr. Kidwell had an alternative way to obtain the relief he seeks, and it concluded that he has not demonstrated a clear and indisputable right to the relief he seeks (i.e., an earlier effective date for his service connected disorder).

The court's conclusions are well founded. As the court indicated, Mr. Kidwell is free to pursue his allegations by appealing the regional office decisions to the Board of Veterans' Appeals, and ultimately to the Veterans Court and this court. However, "extraordinary writs cannot be used as substitutes for appeals." Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383 (1953). In this case, what Mr. Kidwell is seeking is to short-circuit the appeal process within the veterans' claims system, which is not an appropriate use of the writ of mandamus. Thus, Mr. Kidwell must pursue the ordinary appellate process to seek review of the effective date for his service-connected disorder.