NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**BILLY R. KIDWELL,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7207

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 11-0236, Judge Lawrence B. Hagel.

---

Decided: April 5, 2012

---

BILLY R. KIDWELL, of Port Charlotte, Florida, pro se.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on

the brief was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––––––

PER CURIAM.

Billy R. Kidwell ("Kidwell") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus seeking an earlier effective date of benefits. *See Kidwell v. Shinseki*, No. 11-0236 (Vet. App. May 2, 2011) ("Veterans Court Op.") *aff'd by panel decision* August 15, 2011. Because Kidwell's appeal raises issues this court lacks the authority to review, the appeal is dismissed.

Kidwell first applied for benefits in 1972. Following a change of the status of his discharge from dishonorable to honorable, Kidwell ultimately obtained his benefits with an effective date in 1984. Since the time he was awarded benefits, Kidwell has waged a long campaign for an earlier effective date including two previous petitions for writs of mandamus, both of which were denied, the latter denial having been affirmed by this court. *See Kidwell v. Nicholson*, 162 F. App'x 975 (Fed. Cir. 2006) (unpublished). This appeal arises from Kidwell's third petition to the Veterans Court for a writ of mandamus. In his current petition, Kidwell argued that the Secretary of Veterans Affairs ("Secretary") misled the Veterans Court into denying his previous petition for a writ of mandamus. Kidwell also sought an order to show cause why the Secretary should not be held in contempt "for intentionally lying" to the Veterans Court. Veterans Court Op. at 4. Kidwell sought further relief relating to a prior district court action, and requested an order directing the Secretary to comply with the Veterans Claims Assistance Act of 2000.

In denying Kidwell's petition, the Veterans Court concluded that based on evidence submitted by the Department of Veterans Affairs ("VA"), Kidwell was not entitled to mandamus because he had "largely received the relief he seeks in this matter." Veterans Court Op. at 3. Specifically, the Veterans Court noted that the VA had responded to Kidwell's relevant notices of disagreement, and that Kidwell could have appealed through the proper channels, i.e., by filing substantive appeals following the VA's issuance of relevant statements of the case, but elected not to do so. *Id.* The Veterans Court also determined, based on the evidence submitted by the VA, that there was no reason to issue a show cause order or take any action against VA attorneys who had worked on Kidwell's claims. *Id.* at 4. The Veterans Court also explained that, to the extent Kidwell sought to challenge prior proceedings in district court, it lacked jurisdiction to entertain Kidwell's petition. *Id.*

On appeal to this court, Kidwell admits that the Veterans Court's decision did not involve the validity or interpretation of a statute or regulation. Appellant's Br. at 1. Kidwell argues that he has been denied due process and that the Veterans Court "knowingly encourag[es] the Subornation of Perjury by VA Attorneys . . . ignores all Evidence, Exhibits, and even well settled law if the law, and exhibits expose VA Corruption." *Id.* Kidwell also argues that the Veterans Court failed to decide an issue of "Collateral Estoppel and Res Judicata" with respect to previous district court proceedings. *Id.* Finally, Kidwell argues that the Veterans Court erred by failing to file "a massive amount of Indisputable Affidavits, Exhibits, and Evidence submitted by the Appellant because that evidence exposed massive corruption in this case by VA attorneys, and the Veterans Court." *Id.* at 2.

This Court's authority to review appeals from the Veterans Court is limited by statute. 38 U.S.C. § 7292(d)(2) states that "[e]xcept to the extent that an

appeal under this chapter presents a constitutional issue, [this court] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." Each of Kidwell's arguments on appeal would require this court to find facts or apply law to fact. This court cannot reweigh the evidence upon which the Veterans Court determined that no mandamus was warranted, and that no show-cause order, or other order, should issue. Moreover, this court cannot reapply the law to the facts surrounding Kidwell's prior district court proceedings which led the Veterans Court to conclude that it lacked jurisdiction over that aspect of Kidwell's petition.

While Kidwell also raises "due process" objections to the Veterans Court's holding, his constitutional argument amounts to a contention that the Veterans Court failed to properly weigh the evidence supporting his petition. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (explaining that to the extent that a veteran "simply put[s] a 'due process' label on his contention that he should have prevailed" and "his claim is constitutional in name only" a veteran does not raise "a separate constitutional contention" within this court's jurisdiction). Further, because the Veterans Court based its denial of Kidwell's petition on the factual determination that Kidwell failed to appeal the relevant denials of his claims, Kidwell's allegation that the Veterans Court improperly excluded "a massive amount" of evidence neither raises a due process concern nor has any relevance to the underlying decision. Therefore, Kidwell's appeal does not present a constitutional issue.

Because Kidwell's appeal raises no issue this court possesses authority to review, the appeal must be dismissed.

**DISMISSED**